Argued and submitted March 25, 2003, reversed and remanded
for new trial April 13, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## ANTHONY DEWAYNE SMITH,
*Appellant.*

993803BFE; A111197

110 P3d 605

Eric M. Cumfer argued the cause and filed the opening brief and the supplemental brief for appellant. Erin K. Olson filed the second supplemental brief.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Wollheim, Judge.**

* Brewer, C. J., *vice* Deits, J. pro tempore.

** Wollheim, J., *vice* Kistler, J.

EDMONDS, P. J.

## EDMONDS, P. J.

This matter is before this court for a second time after we granted appellant's motion to recall the appellate judgment in this case affirming defendant's convictions for sodomy in the second degree, ORS 163.395, and rape in the second degree, ORS 163.365. Initially, defendant appealed from those convictions, but he did not assert a legally cognizable claim of error under OEC 803(18a)(b).[1] We affirmed defendant's convictions without opinion, *State v. Smith*, 187 Or App 502, 68 P3d 274 (2003). Thereafter, defendant sought review before the Supreme Court, which was denied. *State v. Smith*, 336 Or 615, 90 P3d 626 (2004). Subsequently, defendant moved in this court to recall the appellate judgment, a motion that we granted on December 21, 2004. We were prompted to vacate the appellate judgment in this case because we had reversed the convictions of defendant's codefendants in *State v. McKinzie*, 186 Or App 384, 63 P3d 1214, *rev den*, 336 Or 16 (2003), and in *State v. Carter*, 186 Or App 678, 64 P3d 582, *rev den*, 336 Or 60 (2003), on the ground that the state had failed to comply with the notice requirements of OEC 803(18a)(b).[2] Pursuant to our December 21, 2004, order, we requested that the parties filed supplemental briefs. Having now considered the contents of those briefs and pursuant to defendant's motion, we conclude that one of the errors claimed by defendant constitutes reversible error. We therefore reverse defendants' convictions and remand for a new trial.

---

[1] Defendant asserted a claim of error under OEC 803(18a)(b) for the first time at oral argument. Because the issue had not been briefed, we refused to consider it. Defendant's then-counsel filed a supplemental brief asking us to rule on that issue. The state objected, arguing that defendant's request was untimely under ORAP 5.45(1), which requires an appellant to raise an assignment of error in the appellant's opening brief. We agreed with the state's objection.

[2] On July 30, 2004, appellant filed a *pro se* motion to vacate the appellate judgment, claiming that he repeatedly asked his appellate counsel to raise the OEC 803(18a)(b) claim of error. That motion was followed by a similar motion filed on defendant's behalf by his new appellate counsel, who had been appointed by this court. Defendant also initiated proceedings against his original appellate counsel with the Oregon State Bar, claiming that counsel was guilty of neglect that constituted professional misconduct. Our decision to recall the appellant judgment under ORS 19.270(6)(a) occurred thereafter "in the interests of justice." *See also* ORAP 6.25(1)(d) (authorizing this court to reconsider a case when there is a claim of change in the applicable case law since the case was last considered).

Defendant raises two supplemental assignments of error. First, he argues that the trial court committed reversible error by admitting the hearsay statements of the complaining witness at trial after the state failed to provide the 15-day notice required by OEC 803(18a)(b) of its intent to offer such statements. Second, defendant argues that his right to counsel was violated under the Oregon and federal constitutions because the trial court required him to proceed at arraignment without counsel. Pursuant to those claims of error, defendant seeks dismissal of the indictment filed against him or alternatively, a remand for a new trial. We reject defendant's second supplemental assignment of error without further discussion.

OEC 803(18a)(b) provides for an exception to the general rule excluding hearsay for certain statements made concerning acts of abuse:

"A statement made by a person concerning an act of abuse as defined in ORS 107.705 or 419B.005, a statement made by a person concerning an act of abuse of an elderly person, as those terms are defined in ORS 124.050, or a statement made by a person concerning a violation of ORS 163.205 or 164.015 in which a person 65 years of age or older is the victim, is not excluded by ORS 40.455 if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made or was 65 years of age or older when the statement was made. However, if a declarant is unavailable, the statement may be admitted in evidence only if the proponent establishes that the time, content and circumstances of the statement provide indicia of reliability, and in a criminal trial that there is corroborative evidence of the act of abuse and of the alleged perpetrator's opportunity to participate in the conduct and that the statement possesses indicia of reliability as is constitutionally required to be admitted. *No statement may be admitted under this paragraph unless the proponent of the statement makes known to the adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown.*"

(Emphasis added.)

In this case, as in *McKinzie* and *Carter*, the prosecutor failed to comply with the 15-day notice requirement in

OEC 803(18a)(b). Through his first supplemental assignment of error, defendant, as did the defendants in *McKinzie* and *Carter*, argues that the trial court erred in admitting the complaining witness's testimony in the absence of the required notice and that the error requires reversal of his convictions. The state counters in part, that the prosecutor discharged her obligation under the rule (arguments that, in substance, were made in *McKinzie* and *Carter*, and that we eventually rejected) and also contends that we undertook an improper *de novo* review of the record in *McKinzie* rather than viewing the record in the light most favorable to the state. According to the state, "because the record contains evidence from which the trial court could have concluded that the state timely provided the requisite information to defense counsel, this court should affirm the judgment of that court."

We disagree with the state's argument and with its assertion that we did not view the evidence in the light most favorable to the state. Without repeating our summary of the evidence as set forth in *McKinzie*, the conclusion that we draw in this case is the same one that we arrived at in *McKinzie* and *Carter*.

> "For all of those reasons, individually as well as when considered together, we are unpersuaded that there is any ground in the record on which the trial court could properly determine that the statute was complied with by the giving of some form of timely notice."

*McKinzie*, 186 Or App at 394. We also conclude that, based on the record of this case, we are unable to say that there is little likelihood that the error did not affect the verdict for the reasons that we expressed in *McKinzie*. *Id.* at 395-96.

Reversed and remanded for new trial.